UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JACQUAR STOKES,

    Petitioner,

v.

CITY OF PHILADELPHIA, et al.,

    Respondents.

Civil Action
No. 22-2976 (CPO)

OPINION

**O'HEARN, District Judge.**

Petitioner alleges that he is a state pre-trial detainee currently residing at South Woods State Prison, in Bridgeton, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will dismiss the Petition as moot.

## I.    BACKGROUND[1]

This Court gleans from the limited factual allegations that Petitioner was attempting to prevent his extradition from Pennsylvania to New Jersey. (ECF No. 1, at 2.) Prior to transferring this matter to the District of New Jersey, the United States District Court for the Eastern District of Pennsylvania described the circumstances of this case as follows:

> [Petitioner] was arrested in Philadelphia and charged with aggravated assault, robbery, burglary and related offenses on May 31, 2020. (Pet., ECF No. 1, at 3; Resp., ECF No. 16, at 2). On September 10, 2020, a Philadelphia Municipal Court judge ordered him extradited to New Jersey pursuant to a parole violation warrant pending resolution of his Philadelphia charges and a competency evaluation. (Pet., ECF No. 1, at 3-4; Resp., ECF No. 16, at 2). On September 28, 2020, Petitioner filed his Petition for Writ of Habeas Corpus challenging his custody on the basis that the New Jersey

---

[1] The Court will construe the factual allegations in the Petition as true for the purpose of this screening only. The Court has made no findings as to the veracity of Petitioner's allegations.

> warrant was fraudulent and without basis. (Pet., ECF No. 1, at 2-5). Respondents filed their response in opposition on April 5, 2021. (Resp., ECF No. 16). The Court has recently received confirmation that Petitioner has in fact been transferred from Norristown State Hospital in Norristown, Pennsylvania, to South Woods State Prison in Bridgeton, New Jersey, pursuant to the New Jersey warrant.

(ECF No. 28, at 1–2 (footnote omitted).)

More specifically, Petitioner alleges that the "State of New Jersey has no charges against [him]" and that the State is "attempting to kidnap [him] for a 2nd consecutive time and refuse[s] to apply for a governor's warrant." (*Id*. at 3.) On June 23, 2020, New Jersey issued a parole warrant and a fugitive of justice warrant on Petitioner. (*Id*.) Petitioner contends that because New Jersey "failed to produce a governor's warrant within 90 days," the other warrants were "fabricated documents in order to defraud Pennsylvania into extraditing [him]." (*Id*. at 3–4.) According to Petitioner, he has not appealed the New Jersey warrants because of his belief that "[t]here is no appeal process," and his "attorney instructed [him] to proceed by habeas corpus." (*Id*. at 4.)

Ultimately, the Eastern District of Pennsylvania transferred this matter to the District of New Jersey. (ECF No. 28, at 2.) In his Petition, Petitioner sought to prevent his extradition, requesting that the Court: (1) "quash the order to transfer" him to New Jersey; (2) "overturn the execution of the fugitive of justice warrant"; and (3) declare that the parole warrant is fraudulent and without basis. (ECF No. 1, at 7.)

## II. STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts

2

may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### III.   DISCUSSION

Petitioner, a pretrial detainee, is challenging his extradition to the State of New Jersey. More specifically, he contends that New Jersey violated his due process rights by issuing parole and fugitive of justice warrants without producing a governor's warrant within ninety days under the Uniform Criminal Extradition Act. (ECF No. 1, at 3); *see* 18 U.S.C. § 3182 (providing for thirty days, but some states allow for longer time periods). Petitioner alleges that New Jersey issued fabricated documents to extradite him and that there are no charges against him. (*Id.*)

Under 28 U.S.C. § 2241(c)(3), this Court has jurisdiction to consider a petition for writ of habeas corpus that challenges the pretrial detention of a person "who is in custody pursuant to an untried state indictment." *McGeachy v. Veley*, No. 10-3343, 2010 WL 3359520, at *2 (D.N.J. Aug. 24, 2010) (citing *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975)); *Frost v. Commonwealth*, No. 13-209, 2013 WL 5565503, at *2 (W.D. Pa. Oct. 8, 2013) ("If . . . the petitioner is in custody pursuant to something other than a judgment of a state court (*e.g.*, pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he [may] proceed under 28 U.S.C. § 2241.").

The duty of a state to extradite an individual to another state stems from the Extradition Clause of the United States Constitution, which provides:

> A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled,

3

>be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. Constitution, Art. IV, § 2, cl. 2. As this duty was not self-executing, to implement this duty, Congress implemented the Uniform Criminal Extradition Act ("UCEA"). *Allah v. Riordan*, No. 11-7151, 2012 WL 529588, at *1–2 (D.N.J. Feb. 17, 2012). Under the UCEA:

> Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

18 U.S.C. § 3182; *see also* Uniform Criminal Extradition Law, N.J.S. § 2A:160–9, *et seq*.

Although individuals have a federal right to challenge their pending extradition by petition for writ of habeas corpus, *Roberts v. Reilly,* 116 U.S. 80, 94–95 (1850), the scope of habeas review, is narrow:

> Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

*Michigan v. Doran*, 439 U.S. 282, 288 (1978).

In the present case, Petitioner contends that his extradition from Pennsylvania was illegal. "Despite the alleged illegality of his extradition, Petitioner . . . is not entitled to a writ of habeas

4

corpus because he is already in the custody of the demanding state." *E.g.*, *McGeachy*, 2010 WL 3359520, at *2; *see also Allah*, 2012 WL 529588, at *1–2. "A fugitive can challenge extradition by petitioning for a writ of habeas corpus, but the purpose of the writ is very limited because it only affects his detention in the asylum state. It does not affect the underlying charges against him." *Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997). "Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Id.*; *see also Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir.2003); *Allah*, 2012 WL 529588, at *1–2; *McGeachy*, 2010 WL 3359520, at *2.

Applying that principle here, Petitioner was detained in Pennsylvania pursuant to New Jersey's extradition related warrants. As a result, while in the asylum state, Pennsylvania, he could utilize § 2241 to challenge his extradition related detention. However, once he was returned to the demanding state, New Jersey, his right to challenge extradition became moot, as his detention in the asylum state, Pennsylvania, is no longer an issue. *Barton*, 106 F.3d at 1298; *Allah*, 2012 WL 529588, at *1–2; *McGeachy*, 2010 WL 3359520, at *2.

In other words, Petitioner is no longer detained pursuant to New Jersey's parole or fugitive of justice warrants. As he is no longer in *custody* pursuant to those warrants, he can no longer challenge those warrants under § 2241. *Danzy v. Johnson*, 417 F. Supp. 426, 431 (E.D. Pa. 1976) ("[O]nce an accused has been placed in the custody of the state demanding his extradition, the legality of the extradition may not be attacked by way of habeas corpus."), *aff'd*, 582 F.2d 1273 (3d Cir. 1978).

Instead, Petitioner now appears to be in custody pursuant to ordinary state criminal proceedings, awaiting trial on parole violations or other charges. The Supreme Court has

"consistently held that a state may constitutionally try a person within its jurisdiction who has been charged with a crime against its laws, even though that person was forcibly abducted, without warrant or extradition proceedings." *U. S. ex rel. Bryant v. Shapp*, 423 F. Supp. 471, 473 (D. Del. 1976) (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Pettibone v. Nichols*, 203 U.S. 192 (1906); *In re Johnson*, 167 U.S. 120 (1897); *Lascelles v. Georgia*, 148 U.S. 537 (1893); *Mahon v. Justice*, 127 U.S. 700 (1888)). Stated differently, "the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" *Frisbie*, 342 U.S. at 522 ("There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."). Accordingly, the Court will dismiss the Petition as moot.

## IV.     CERTIFICATE OF APPEALABILITY

Under our jurisprudence, federal prisoners do not require a certificate of appealability to appeal decisions arising from petitions under 28 U.S.C. § 2241. *See, e.g.*, *Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006). State pre-trial detainees, however, must obtain a certificate of appealability to challenge "the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *Stepney v. Anderson*, No. 20-2476, 2020 WL 2079241, at *2 (D.N.J. Apr. 29, 2020).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)). Based on the discussion above, jurists of reason would not find it debatable that the Petition is now moot. Consequently, the Court will not issue a certificate of appealability.

## V.  CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition as moot. An appropriate Order follows.

DATED: July 26, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**